UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRIS LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | 11 C 4599 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| PACTIV CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Chris Lopez filed this lawsuit against his former employer, Defendant Pactiv Corporation, alleging violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and Illinois law. Count V of the complaint sets forth a state law claim for intentional infliction of emotional distress ("IIED") and seeks both compensatory and punitive damages. Doc. 1 at ¶ 36(a) & (b). Before the court is Pactiv's motion under Federal Rule of Civil Procedure 12(f) to strike the prayer for punitive damages.

At a status hearing on March 14, 2012, when asked whether he would oppose Pactive's motion, Lopez said:

> You know, Judge, … I just received [the motion]. I've been traveling and didn't receive it until a couple of days ago. So, I haven't had a chance to do the research yet. I certainly won't oppose it … if my research shows that [opposing counsel] and the defendant are correct but … I would like the opportunity to at least look at it.

The court then entered a scheduling order setting April 4, 2012 as the deadline for Lopez's response and April 18, 2012 as the deadline for Pactiv's reply. Doc. 22. Lopez filed no response. On April 16, 2012, Pactiv filed a "reply" arguing that the motion should be granted

because Lopez "effectively conceded the validity of Pactiv's motion by failing to respond to it." Doc. 26.

"Rule 12(f) provides that a district court 'may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009) (quoting Fed. R. Civ. P. 12(f)). Rule 12(f) further provides that a court may act "on its own" or "on motion made by a party either *before* responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f) (emphasis added). The docket shows that Pactiv filed its motion to strike four minutes after filing its answer, which technically renders the motion untimely. *See Hanlon v. Casino Queen, Inc.*, 2011 WL 806711, at *1 (S.D. Ill. Mar. 2, 2011); *Betts v. E. St. Louis Hous. Auth.*, 2007 WL 2088813, at *1 (S.D. Ill. July 19, 2007); *Kelly v. McHenry Cnty.*, 1994 WL 149707, at *2 n.1 (N.D. Ill. April 11, 1994). Nevertheless, by failing to respond to the motion, Lopez forfeited any argument that the motion is untimely; in any event, the court has the discretion to reach the merits of an untimely motion to strike. *See Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1399 (7th Cir.1991). The court elects to do so in this instance.

If a court is given plausible reasons for granting a motion to dismiss or to strike, the court will "not … do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning." *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999); *see also Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995) ("The federal courts will not invent legal arguments for litigants."). A plaintiff's failure to respond to a plausible motion to dismiss or strike provides sufficient grounds for granting the motion. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011) ("As to the defendants'

motion to dismiss the complaint, Alioto waived his right to contest the dismissal by failing to oppose the motions."); *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005) ("[w]hile Lekas alleged in his complaint that his segregation was in retaliation for his filing of grievances, he did not present legal arguments or cite relevant authority to substantiate that claim in responding to defendants' motion to dismiss"); *Kirksey*, 168 F.3d at 1041 ("In effect the plaintiff was defaulted for refusing to respond to the motion to dismiss. And rightly so."); *Norhurst, Inc. v. Acclaim Sys., Inc.*, 2012 WL 473135, at *2 (N.D. Ill. Feb. 9, 2012) ("By failing to respond to Acclaim's argument, Norhu[r]st has conceded it. Accordingly, Norhurst's Motion to Strike … is granted.") (citations omitted); *Brodsky v. HumanaDental Ins. Co.*, 2011 WL 529302, at *10 (N.D. Ill. Feb. 8, 2011) ("Brodsky failed to respond to HumanaDental's motion to strike[,] thereby waiving any arguments he may have had in opposition.").

Pactiv's brief provides a plausible ground for granting its motion to strike—the cases clearly hold that punitive damages are not available on IIED claims. *See Casey-Beich v. United Parcel Serv., Inc.*, 295 F. App'x 92, 94 (7th Cir. 2008) ("punitive damages are not available in Illinois for claims of intentional infliction of emotional distress"); *Knierim v. Izzo*, 174 N.E.2d 157, 165 (Ill. 1961); *Gragg v. Calandra*, 696 N.E.2d 1282, 1290 (Ill. App. 1998); *Morrison v. Sandell*, 446 N.E.2d 290, 292 (Ill. App. 1983). Lopez had ample opportunity to respond to Pactiv's motion, but chose not to do so. Lopez's status as a pro se litigant does not excuse his noncompliance with the scheduling order or his failure to file a brief opposing Pactiv's motion. *See Wilson v. Bruce*, 400 F. App'x 106, 109 (7th Cir. 2010) ("Whatever benefits Wilson may seek as a pro se litigant, they do not include license to disregard the court's orders."); *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) ("being a pro se litigant does not give a party unbridled license to disregard clearly communicated court orders"); *Jones v. Phipps*, 39 F.3d

158, 163 (7th Cir. 1994) ("pro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines"). Moreover, given Lopez's statements during the March 14 status hearing, it is fair to presume that Lopez's failure to respond reflects a conscious decision not to oppose the motion.

    For these reasons, Pactiv's motion to strike is granted. The prayer for punitive damages in Count V of the complaint, Doc. 1 at ¶ 36(b), is stricken.

April 27, 2012                                _____
                                                   United States District Judge